IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00979-ZLW

KENNETH HARRY,

    Plaintiff,

v.

JOE SCHMITD, Alaska D.O.C. Commissioner,
RICK VEACH, Warden,
MARK REYNOLDS, On Site P.C.S. Tech., and
PARTIES STILL TO BE IDENTIFIED,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 16 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Kenneth Harry, has filed *pro se* on September 13, 2010, a "Motion to Re-Open Case No. '10-cv-00979 and Cure Deficiency" in which he asks the Court to vacate the Order of Dismissal and the Judgment entered in this action on July 7, 2010. The Court must construe the motion to reconsider liberally because Mr. Harry is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Therefore, because the motion to reconsider filed by Mr. Harry was filed more than twenty-eight days after the Judgment was entered in this action, the motion will be considered pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Harry failed to cure a deficiency as directed. In an order filed on April 29, 2010, Mr. Harry was directed to submit a certified copy of his inmate trust fund account statement in support of his motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On May 27, 2010, Mr. Harry's motion for an extension of time to cure the deficiency was granted and he was directed to provide a certified copy of his inmate trust fund account statement within thirty days from the date of the minute order. On July 7, 2010, the Court dismissed the action without prejudice because Mr. Harry still had not filed a certified copy of his inmate trust fund account statement.

Mr. Harry alleges in the motion to reconsider that he finally has received a certified copy of his inmate trust fund account statement. He further alleges that he was diligent in his efforts to obtain the account statement, although he does not explain what those allegedly diligent efforts were. Mr. Harry also has submitted to the Court on September 13, 2010, a certified copy of his inmate trust fund account statement.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Harry fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Even assuming Mr. Harry was diligent in his efforts to obtain a certified copy of his inmate trust fund account statement, he fails to demonstrate that he was unable to communicate with the Court to request an additional extension of time if necessary to cure the deficiency in this action. Mr. Harry's belated submission of a certified copy of his inmate trust fund account statement does not alter the Court's conclusion.

For these reasons, the motion to reconsider will be denied. However, Mr. Harry is reminded that the Court dismissed the instant action without prejudice. If Mr. Harry wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the "Motion to Re-Open Case No. '10-cv-00979 and Cure Deficiency" filed on September 13, 2010, is denied.

DATED at Denver, Colorado, this __16th__ day of __September__, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00979-ZLW

Kenneth Harry
Prisoner No. 212565
Hudson Corr. Facility
3001 North Juniper Street
Hudson, CO 80642

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9\16\10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk